# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAPAT NABAYA, *Plaintiff*, v. JESSICA D. ABER *et al.*, *Defendants*. | Civil Action No. 17-440 (TJK) |

## MEMORANDUM OPINION

Plaintiff Shapat Nabaya, proceeding *pro se*, has filed the instant *Bivens* action, naming as defendants the following individuals: (1) Assistant U.S. Attorneys ("AUSAs") Jessica Aber and Gabrielle Michalak, U.S. District Court Judge Hannah Lauck, U.S. Magistrate Judge David Novak, and U.S. Probation Officer Tanya L. Smith (collectively, the "Federal Defendants"); and (2) Federal Public Defenders Joseph Camden and Mary Maguire (collectively, the "FPD Defendants," and together with the Federal Defendants, the "Defendants"). ECF No. 1 ("Compl."); ECF No. 4 ("Am. Compl.").

Nabaya, who has previously filed lawsuits using the name Norman Abbott, is a serial filer with a history of bringing meritless cases, in this court and others, against public officials. *See, e.g., United States v. Nabaya*, No. 3:14-cv-835 (HEH), 2015 WL 300499 (E.D. Va. Jan. 22, 2015); *Nabaya v. Dudeck*, 38 F. Supp. 3d 86 (D.D.C. 2014); *Abbott v. Trant*, No. 09-cv-2337, 2009 WL 4899214 (D.D.C. Dec. 9, 2009). In January 2015, based on Nabaya's "historically meritless" litigation against the IRS, a federal judge in the Eastern District of Virginia permanently enjoined him from filing tax lawsuits in any federal court without first seeking leave to do so. *See Nabaya*, 2015 WL 300499, at *1, *3.

While there are, unfortunately, some people like Nabaya who abuse our country's legal system in this way, he has earned the unusual distinction of being convicted for it. A few months before filing this lawsuit, Nabaya was indicted in the Eastern District of Virginia for his "*pro se* legal crusade" against an IRS Revenue Officer known as Wally Stark, in the course of which he filed multiple vexatious and harassing lawsuits against Stark in state and federal court. *See* Superseding Indictment, *United States v. Nabaya*, No. 3:17-cr-03 (E.D. Va. May 15, 2017) ("E.D. Va. Dkt."), ECF No. 86-1 at 1.

Even as he faced criminal liability for his history of vexatious litigation, Nabaya filed numerous frivolous motions that represented, in the words of the judge presiding over his case, a "reckless abuse of procedure." *United States v. Nabaya*, No. 3:17-cr-03, 2017 WL 3880660, at *1 (E.D. Va. Sept. 5, 2017), *writ denied*, 706 F. App'x 127 (4th Cir. 2017). In October 2017, Nabaya was convicted of Retaliating Against an Officer by False Claim, 18 U.S.C. § 1521, and making a False Statement in Bankruptcy, 18 U.S.C. § 152(3). *See* Judgment in a Criminal Case, E.D. Va. Dkt., ECF No. 306. In February 2018, he was sentenced to 71 months in federal prison. *Id.* at 2.

This lawsuit arises from those criminal proceedings. The Defendants are various personnel—judges, prosecutors, a probation officer, and defense attorneys—who took part in them. Before the Court are motions to dismiss by the Federal Defendants, ECF No. 12, and by the FPD Defendants, ECF No. 6. Although it was not timely filed, the Court will consider Nabaya's opposition to the motions to dismiss. *See* ECF No. 21 ("Opp."). Also before the Court are Nabaya's motions to amend his complaint. In the first, he seeks to add Stark as a defendant. ECF No. 26 ("1st Mot. Am."). In the second, he seeks to add AUSA Scott Sroka, who represents the Federal Defendants in this case, as a defendant as well. ECF No. 29 ("2d Mot. Am."). For

the reasons set forth below, the Court will grant the Defendants' motions to dismiss because the Court lacks personal jurisdiction over them, and deny Nabaya's motions to amend his complaint.

I. **Analysis**

A. **Motions to Dismiss**

"Because *Bivens* suits are suits against government officials in their individual, rather than their official, capacities, personal jurisdiction over the individual defendants is necessary to maintain a *Bivens* claim." *Deutsch v DOJ*, 881 F. Supp. 49, 52 (D.D.C. 1995), *aff'd*, 93 F.3d 986 (D.C. Cir. 1996). "When personal jurisdiction is challenged under Rule 12(b)(2), the plaintiff bears the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over each defendant." *Chandler v. Stover*, 211 F. Supp. 3d 289, 296 (D.D.C. 2016) (citing *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990)). The plaintiff "must make a *prima facie* showing of the pertinent jurisdictional facts." *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). Although a *pro se* plaintiff's complaint must be "liberally construed," he is "not freed from the requirement to plead an adequate jurisdictional basis for [his] claims." *McDaniel v. FEDITC LLC*, 825 F. Supp. 2d 157, 160 (D.D.C. 2011) (quoting *Kurtz v. United States*, 779 F. Supp. 2d 50, 51 (D.D.C. 2011)).

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 134 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)). In this Circuit, courts look to District of Columbia law to determine whether personal jurisdiction may be exercised. *Chandler*, 211 F. Supp. 3d at 296 (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)). Under the District of Columbia's general-jurisdiction statute, a court may exercise general jurisdiction over a defendant "domiciled in" the District of Columbia. D.C. Code § 13-422. Under the District of Columbia's long-arm statute, a court may exercise specific jurisdiction over a defendant if his actions fall within one of seven

enumerated categories, such as "transacting any business in the District of Columbia," "causing tortious injury in the District of Columbia by an act or omission in the District of Columbia," or "causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if [the defendant] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13-423(a)(1), (3)-(4). In addition, specific jurisdiction is proper only if the plaintiff's claim "arise[s]" from the defendant's alleged actions. *Id.* § 13-423(a).

The Court concludes that it does not have personal jurisdiction over any of the Defendants, under either statute. Nabaya has not alleged any facts showing that any Defendant lives in or maintains his or her principal place of business in the District of Columbia; all appear to work in Virginia. *See* Compl.; Am. Compl.; Opp. Moreover, he has not pointed to any fact that suggests that any Defendant's alleged conduct occurred in or had any effect in the District of Columbia. *See* Compl.; Am. Compl.; Opp. In fact, all of the Defendants' alleged conduct appears to have occurred in Virginia. Nabaya's claim is that he was unlawfully prosecuted—but that happened in the Eastern District of Virginia. *See* Compl.; Am. Compl.; Opp. Therefore, the Court lacks personal jurisdiction over all the Defendants, and the Complaint against them must be dismissed.[1]

---

[1] The Complaint must also be dismissed because the District of Columbia is not a proper venue for this action. A plaintiff may file suit against an "officer or employee of the United States . . . in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). But the Complaint is devoid of facts that would justify venue under any of these avenues. As already discussed, Nabaya has not alleged that any Defendant resides in the District of Columbia, or that Defendants' alleged conduct occurred in the District

### B. Motions to Amend Complaint

Under Federal Rule of Civil Procedure 15(a)(2), if a party may no longer amend his pleading as of right, then he "may amend [his] pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[c]ourts may deny a motion to amend a complaint as futile . . . if the proposed claim would not survive a motion to dismiss." *Williams v. Lew*, 819 F.3d 466, 471 (D.C. Cir. 2016) (second alteration in original) (quoting *James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)). For reasons stated below, the Court will deny Nabaya's motions to amend his complaint because such amendments would be futile.

In his first motion to amend, Nabaya seeks to add Stark as a defendant, but does not allege any conceivable cause of action against him. *See* 1st Mot. Am. at 1. Regardless, Nabaya asserts no factual basis upon which the Court may exercise personal jurisdiction over Stark. *See id.* There is no indication that Stark resides in or maintains his principal place of business in the District of Columbia, or that Stark's alleged actions are connected or linked to the District of Columbia. *Id.* Because adding Stark as a defendant would not save Nabaya's complaint from dismissal under Rule 12(b)(2), his first proposed amendment is futile.

In his second motion to amend, Nabaya seeks to add Sroka, who represents the Federal Defendants in this case, as a defendant. *See* 2d Mot. Am. at 1. This proposed amendment is futile because Nabaya's claims against Sroka would not survive a Rule 12(b)(6) motion to dismiss, for two reasons.

First, Nabaya alleges that Sroka is "committing fraud on the Court by not filing his oath of office" with the Court. 2d Mot. Am. at 1. However, it is well established—as explained in

---

of Columbia. In addition, he has not alleged that he himself resides in the District of Columbia. *See* Compl.; Am. Compl.; Opp.

case law arising from prior litigation brought by Nabaya—that "there is no authority requiring that attorneys representing the United States file an oath of office with the Court." *Nabaya*, 38 F. Supp. 3d at 94; *see also id.* at 94 n.5 (noting that 5 U.S.C. § 2906 requires only that the Department of Justice retain a copy of its employees' oath of office). Moreover, the statutes that Nabaya cites for this proposition are inapposite: (1) 5 U.S.C. § 3331 requires certain appointees to take an oath of office but does not require the filing of any oath with any court; (2) 18 U.S.C. § 1918 is a criminal statute prohibiting federal employees from acts of disloyalty; and (3) 18 U.S.C. § 7333 does not exist. *See* 2d Mot. Am. at 1. Thus, Nabaya's assertion that Sroka failed to file his oath with the Court is not a cognizable claim.

Second, Nabaya alleges that Sroka, in representing the Federal Defendants, is "supporting racial discrimination and fraud" in violation of the Fifth and Fourteenth Amendments to the Constitution. 2d Mot. Am. at 1-2. However, Sroka is a government attorney who is "entitled to absolute immunity with regard to [his] actions in carrying out [his] role in the judicial process." *Simon v. Bickell*, 737 F. Supp. 2d 10, 16 (D.D.C. 2010) (collecting cases). "Such immunity attaches when the government attorney acts as an 'advocate' within the scope of [his] duties." *Id.* (quoting *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir. 1983)); *see also Ruiz Rivera v. Holder*, 666 F. Supp. 2d 82, 94-95 (D.D.C. 2009) (finding that government attorneys defending a federal agency were entitled to absolute immunity for the manner in which they presented evidence and conveyed their arguments—conduct that was "plainly advocatory in nature" and of the type that "standard judicial procedures are meant to address"). Here, Nabaya's allegations relate directly to Sroka's advocacy in this case on behalf of the Federal Defendants, *see* 2d Mot. Am. at 1-2, which clearly falls within the scope of Sroka's duties as a government attorney. Thus, Sroka is entitled to absolute immunity with respect to Nabaya's constitutional claims.

Finally, Nabaya's bad faith in filing these motions to amend provides another, independent ground for denying them. *See, e.g.*, *Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015). The proposed amendments to the Complaint are simply the latest examples of Nabaya's misguided efforts to sue virtually every public official he thinks has wronged him, including Sroka (his opposing counsel in this case) and Stark (the previous target of his vexatious litigation, which led to his present confinement). "[I]n light of Plaintiff's extensive litigation history, in this district and others, and the frivolous nature of certain allegations, the Court declines to afford Plaintiff leave to amend." *Papadopoulos v. Amaker*, No. 12-cv-3608 (DLI) (RLM), 2013 WL 3226757, at *5 (E.D.N.Y. June 25, 2013) (citing *Gianetti v. Blue Cross & Blue Shield of Ct., Inc.*, 351 F. App'x 520, 522 (2d Cir. 2009)); *see also In re Sindram*, 464 B.R. 495, 496-97 (D.D.C. 2011) (denial of leave to amend in light of "extensive history as a serial filer").

## II. Conclusion

For the foregoing reasons, the Court will **DENY** Nabaya's motions to amend his complaint, ECF Nos. 26, 29, and **GRANT** both the Federal Defendants' and the FPD Defendants' motions to dismiss, ECF Nos. 6, 12, in a separate order. In addition, because the action is dismissed, the Court will deny as moot the other outstanding motions on the docket.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 31, 2018